IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JEAN PINEDA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA, et al.,<br><br>    Defendants. | No. C 10-02494 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS AS TO FEDERAL CLAIMS WITH PREJUDICE AND REMANDING MATTER TO STATE COURT** |

    Defendants California Reconveyance Company (CRC) and Deutsche Bank National Trust Company (Deutsche) have jointly filed a motion to dismiss Plaintiffs' Jean H. Pineda and Crisanto J. Pineda Jr.'s mortgage case. They seek to dismiss all nineteen causes of action, only two of which are federal: claims under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). The federal claims are time-barred, and Plaintiffs have not pled facts sufficient to plausibly believe that equitable tolling applies to either claim. The Court DISMISSES both federal claims, without leave to amend, because Plaintiffs have had two opportunities to plead facts plausibly setting forth an entitlement to equitable tolling and have failed to do so. The remaining claims are REMANDED to San Mateo Superior Court.

//

## I.     BACKGROUND

Pro se Plaintiffs Jean Pineda and Crisanto Pineda Jr. contest the foreclosure action taken against residential property located at 182 El Rancho Drive, South San Francisco, CA 94080. First Amended Complaint (FAC) ¶ 1. Plaintiffs took out a mortgage loan of $968,000.00 from Washington Mutual (WaMu) on April 12, 2005, secured by the residence. Id. ¶ 14. The loan was a negative amortization adjustable rate mortgage. Id. ¶ 2. CRC became a trustee under the Deed of Trust when the loan was taken. Id. ¶ 14; Request for Judicial Notice (RJN), Ex. 3, p. 52. JP Morgan, who purchased the assets and liabilities of WaMu via the FDIC, assigned the Deed of Trust to Deutsche on March 25, 2009. FAC ¶ 14; RJN, Ex 1, p. 4.

Plaintiffs allege that (1) the loan transaction was illegal because fees and terms were not made clear or disclosed and (2) WaMu performed flawed underwriting procedures. FAC ¶ 15. "WaMu sold them a loan product that it knew or should have known would never be able to be fully paid back by Plaintiffs." Id. ¶ 16. (Though WaMu was the originator of the loan, Plaintiffs often name all Defendants generally for liability.) Defendants failed to give Plaintiffs the Mortgage Loan Origination Agreement, id. ¶ 23, the California Insurance Disclosure, id. ¶ 28, and other parts of the loan package, id. ¶ 74. Plaintiffs claim that WaMu received unearned fees disguised as a Yield Spread Premium as a "credit for closing costs." Id. ¶¶ 90-91. Furthermore, Plaintiffs allege the finance charge was understated by $5,508.75 and that they deserve an extended right to rescind the loan. Id. ¶¶ 77-78.

In addition to improper underwriting and inadequate disclosures, Plaintiffs allege that they did not understand the loan transaction because their first language is not English. Plaintiffs' native language is Tagalog, and all documents and explanations were provided only in English. Id. ¶ 19. It was not until "recently" that Plaintiffs became aware of the negative amortization and adjustable rate nature of their loan when their payments increased dramatically. Id. ¶ 74. Plaintiffs defaulted on the loan and a Notice of Default and Election to Sell was recorded on March 26, 2009 with $18,393.14 in arrears. See RJN, Ex. 5, p. 77.

1 CRC began the foreclosure process and notified Plaintiffs on March 8, 2010 that a trustee's
2 sale would occur on April 1, 2010. See RJN, Ex. 6, p. 79-80.

3 Plaintiffs initially filed suit in San Mateo Superior Court on April 23, 2010. See
4 generally Compl., CIV 494342 (San Mateo Super. Ct.). Defendants removed the case to this
5 Court, and the case was assigned to Judge Walker. See Not. of Removal (Dkt. 1); Order
6 Reassigning Case (Dkt. 8). Upon Defendants' motion to dismiss all claims, Judge Walker
7 reviewed only Plaintiffs' two federal claims and granted the motion with leave to amend
8 because, although the federal claims appeared time-barred, the Judge wanted to give
9 Plaintiffs a chance to plead equitable tolling. Order on Mot. to Dismiss (Dkt. 22) 6-7, 9-10.
10 He dismissed without leave to amend Plaintiffs' rescission claim under TILA because it was
11 time-barred. Id. at 3-4.

12 Plaintiffs filed the FAC on November 3, 2010 with the same nineteen causes of
13 action. CRC and Deutsche filed this motion to dismiss all claims on November 22, 2010. In
14 support of their motion to dismiss, Defendants also filed the RJN and included six
15 documents. Plaintiffs allege for the first time in their Opposition that the real terms of the
16 loan did not comply with those stated in the deed and adjustable rate rider. Opp'n at 8.

17 **II.   LEGAL STANDARD**

18 Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed
19 for failure to state a claim upon which relief may be granted. Dismissal may be based on
20 either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
21 cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
22 1990). For purposes of evaluating a motion to dismiss, the Court "must presume all factual
23 allegations of the complaint to be true and draw all reasonable inferences in favor of the
24 nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

25 The complaint must plead "enough facts to state a claim to relief that is plausible on
26 its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
27 Twombly, 550 U.S. 544, 570 (2007)). That requirement is met "when the plaintiff pleads
28

factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." Id.

## III. ANALYSIS

### A. Judicial Notice

Defendants request that the court take judicial notice of six documents: a Purchase and Assumption Agreement between the FDIC and JP Morgan Chase Bank; the Supervision Order directing FDIC to act as Receiver for WaMu; the deed of trust of the property at issue; the Assignment of Deed of Trust from JP Morgan to Deutsche; the Notice of Default and Election to Sell under Deed; and the Notice of Trustee's Sale. Plaintiffs oppose this request, but merely quote Federal Rule of Evidence 201(b). Opp'n at 32.

Generally, facts subject to judicial notice may be considered on a motion to dismiss. See Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). A court may take judicial notice of facts that are not subject to reasonable dispute and are either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). A Court may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). A court may also consider, under the incorporation by reference doctrine, documents that are connected to the loan transaction at issue "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir.1999) (internal quotation marks omitted).

The Deed of Trust, the Assignment of Deed of Trust, the Notice of Default, and the Notice of Trustee's Sale are all matters of public record. The Supervision Order was incorporated by Plaintiffs when they noted WaMu's bankruptcy and FDIC involvement in those proceedings. FAC ¶ 75. The Purchase and Assumption Agreement is not a public record nor was it incorporated by Plaintiffs in the FAC. The Court GRANTS Defendants'

4

request and TAKES judicial notice of all exhibits EXCEPT for the Purchase and Assumption Agreement.

### B. Federal Claims

#### 1. TILA

The first of Plaintiffs' federal claims is a TILA claim relying on two separate theories. The first theory is a damages argument based on Defendants' failures "to provide Plaintiffs with accurate material disclosures," to inform them of "the pros and cons of adjustable rate mortgages in a language . . . that they can understand and comprehend," "[to] advise them to compare similar loan products with other lenders," and "[to] offer other loan products that might be more advantageous." FAC ¶ 72. Plaintiffs also allege that Defendants understated Plaintiffs' finance charge by $5,508.75. Id. ¶ 77.

Plaintiffs' TILA claim for damages has a one year statute of limitations beginning "from the date of the occurrence of the violation". 15 U.S.C. § 1640(e). "The occurrence of the violation" is the time the loan transaction is consummated. See, e.g., King v. State of California, 784 F.2d 910, 915 (1986); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009). In this case, the loan was consummated on April 12, 2005. FAC ¶ 2. The Complaint was filed April 23, 2010. See generally Compl. Accordingly, the one year limitations period has lapsed.

Plaintiffs argue that the statute of limitations should begin when "the interest rates [began] to wildly change" instead of when they took out the loan in April of 2005. Opp'n at 17. Equitable tolling of civil damages claims under TILA may suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures. See King, 784 F.2d at 915. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [his] claim." See Gomez v. Wachovia Mortgage Corp., No. CV-09-02111, 2010 WL 291817 at *4 (N.D. Cal. Jan. 19, 2010) (internal quotations omitted). "The doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is

due to claimant's failure to exercise due diligence in preserving his legal rights." Hensley v. United States, 531 F.3d 1052, 1058 (9th Cir. 2008) (citations omitted).

Plaintiffs plead that equitable tolling should apply on their TILA claim "due to Defendants' failure to effectively provide the required disclosures and notices." FAC ¶ 73. The order dismissing Plaintiffs' initial complaint rejected this basis for equitable tolling because Plaintiffs did not allege facts explaining why they were unable to obtain information vital to their claim within the statute of limitations period. Order on Mot. to Dismiss, 5-6 (citing Abdollahi v. Washington Mutual, No. C09-00743, 2009 WL 1689656 at *2 (N.D. Cal. 2009); Kay v. Wells Fargo Bank, 247 F.R.D. 572, 578 (N.D. Cal. 2007)). They attempt to remedy that failure in the FAC by asserting fraudulent concealment.

To raise fraudulent concealment to justify equitable tolling, plaintiffs must plead facts with particularity. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415-16 (9th Cir. 1986). Plaintiffs amended their complaint to specify that they were not given the Good Faith Estimate, Truth-in-Lending, Servicing Transfer, Adjustable Rate Booklet, Right to Copy or Appraisal, and the Federal Equal Opportunity disclosures. FAC ¶ 74. Without these, Plaintiffs could not "conduct their own due diligence to find out what exactly this adjustable rate mortgage was going to turn into." Id. Plaintiffs allege that a WaMu representative failed to explain that the initial payment structure was only temporary and that "[i]t wasn't till only recently," when payments changed drastically, that Plaintiffs discovered the adjustable rate nature of their loan. Id. However, Plaintiffs signed an adjustable rate rider when they took out the loan in April of 2005, and said at oral argument that their payments increased several years ago. See RJN, Ex. 3, at 69-72.

Plaintiffs also refer to the mortgage and banking crisis generally, and assert that "[m]illions of people couldn't have been wrong," and that "some concealment of information from these people, including Plaintiffs" had occurred. Id. Plaintiffs allege "they were induced by the machinations and manipulation by defendants" to take the loan. Opp'n at 7. These conclusory statements do not explain with requisite particularity why Plaintiffs are entitled to equitable tolling on the basis of fraudulent concealment.

6

Plaintiffs further justify their lack of due diligence on their limited English skills. They newly allege in the FAC that they are "laypeople, [with] little command of the English language." FAC ¶ 73. The fact that a party does not speak English as a first language is not a basis for equitable tolling under TILA. See Herrera v. Countrywide KB Home Loans, No. 10-CV-0902, 2010 WL 3516100 (N.D. Cal. Sept. 8, 2010) at *2; Gomez at *4. In Gomez, plaintiff's TILA damages claim was not equitably tolled even though documents were not provided in her native Spanish because she did not allege "any facts or circumstances that served to prevent her – in the exercise of all due diligence – from having the documents translated into Spanish or having a third party review the documents for her." Gomez at *4.

Plaintiffs cite to Gonzalez v. Ameriquest Mortgage Co., No. C 03-00405, 2004 WL 2472249 (N.D. Cal. Mar.1, 2004) to support their argument for equitable tolling. FAC ¶ 76; Opp'n at 17. Plaintiffs erroneously rely on Gonzalez because there the plaintiff made requests for loan documents but defendants demanded payment for them. Gonzalez at * 1. The plaintiff performed due diligence and filed her complaint seven days after the statute of limitations period had lapsed. Id. at *5. Here, Plaintiffs did not exercise due diligence and do not state facts sufficient for equitable tolling.

The Court allowed Plaintiffs an opportunity to amend their claims to sufficiently plead equitable tolling, but Plaintiffs have failed to do so. Accordingly, Plaintiffs' TILA claim for damages is dismissed without leave to amend.

Plaintiffs' second claim under TILA is a rescission claim. FAC ¶¶ 77-78. The Court has already dismissed these claims without leave to amend, Order on Mot. to Dismiss, 4, and it is unnecessary to address this claim further.

### 2. RESPA

The second federal cause of action is a claim under RESPA. 12 U.S.C. § 2601 et seq. Plaintiffs do not specify which section of RESPA they are invoking. The Complaint alleges that WaMu received hidden, unearned fees "in the form of a Yield Spread Premium." FAC ¶ 90. The Yield Spread Premium apparently was disclosed to Plaintiff, but as a "credit for closing costs." Id. ¶ 91. Based on the allegations of unearned fees, the Court assumes

Plaintiffs allege a violation of RESPA section 8 concerning a fee or kickback. See 12 U.S.C. § 2607. This section's statute of limitations is one year from the date of the violation. Because five years have passed between the RESPA violation on April 12, 2005 and Plaintiffs filing their initial complaint on April 23, 2010, the statute of limitations on their RESPA claim has lapsed.

Plaintiffs adopt the same facts for equitable tolling in the context of their RESPA claim as they did for their TILA claim. FAC ¶ 85; Opp'n at 24-25. The Ninth Circuit apparently has not addressed whether equitable tolling is available under RESPA, and district courts have reached different conclusions. See, e.g., Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009); Kay v. Wells Fargo & Co., 247 F.R.D. 572, 578 (N.D. Cal. 2007). Plaintiffs cite multiple cases in favor of tolling the statute of limitations for RESPA until a plaintiff discovers or has reasonable opportunity to discover the violation. Opp'n at 24. Even if tolling is possible, Plaintiffs' RESPA claim is still time-barred because the allegations do not plausibly support a tolling argument. Plaintiffs plead that "the facts surrounding this loan transaction were purposefully hidden and continue to be hidden from them." Opp'n at 25. They fail to provide any facts to support this conclusion. Accordingly, Plaintiffs' RESPA claim for damages is dismissed without leave to amend.

**C.     State Claims**

The Court DECLINES TO RULE on Defendants' motion with respect to Plaintiffs' state law claims and REMANDS this matter to San Mateo Superior Court for further proceedings on those claims.

//

//

//

//

//

//

//

8

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss with respect to Plaintiffs' federal claims without leave to amend because the Court gave Plaintiffs an opportunity to amend their Complaint and plead facts sufficient for equitable tolling, and Plaintiffs failed to do so. The remaining state claims are REMANDED to state court.

**IT IS SO ORDERED.**

Dated: January 25, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE